**Marquis Aurbach Coffing**
Terry A. Coffing, Esq.
Nevada Bar No. 4949
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
tcoffing@maclaw.com
jmoser@maclaw.com
  Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA M. FLYNN, an individual, and WHITE WATER INVESTMENTS, INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MURRAY CRAIG, an individual and FIRESTORM EMERGENCY SERVICES, LTD., a Nevada corporation,<br><br>Defendants. | Case No.:   2:15-cv-00071-JCM-GWF |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiffs LISA M. FLYNN and WHITE WATER INVESTMENTS, INC. ("Plaintiffs") and Defendants MURRAY CRAIG and FIRESTORM EMERGENCY SERVICES, LTD. ("Defendants"), by and through their respective counsel of record, hereby enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order") pursuant to FRCP 26(c). The Parties have agreed and stipulated to the entry of this Stipulated Protective Order for the protection of certain personal records, information, financial records, confidential records, commercial information, and related information produced or otherwise disclosed by the parties in this action as follows:

1.     The Parties anticipate that they may be required to produce documents, information, or evidence that relates to non-public financial or business information, or personal or private information, or intellectual property rights that a Party alleges is proprietary or

confidential. This Stipulated Protective Order is designed to protect such information from public disclosure.

2. Any Party or non-party from whom discovery has been sought (the "Producing Party") may designate certain documents, testimony, responses to written discovery, or other discovery material, and all copies thereof, as "Confidential" pursuant to the terms of this Stipulated Protective Order.

   a. Confidential information shall include only such discovery material that the designating party or non-party reasonably believes not to be in the public domain and that contains any confidential offers of employment, trade secrets, intellectual property, inventions, personal or private financial documents or information, or other confidential, strategic, research, development, or commercial information.

   b. A document or information contained in a document or discovery response given or filed in this lawsuit may be designated "Confidential" by stamping or otherwise marking (in such manner as will not interfere with the legibility of the document) each page of a document containing Confidential information with the word "CONFIDENTIAL." Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential information shall also be treated as Confidential pursuant to this Stipulated Protective Order.

3. Any inadvertent failure to designate a document of information "Confidential" during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4. All "Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this case, or in any case, mediation, or arbitration arising out of, or related to, this case, and/or for any related collection or execution of judgment, and for no other purpose. Unless and until the Court rules that documents or information designated as

"Confidential" shall not be treated as "Confidential," persons who receive documents or information so designated shall use and treat it as such, and shall not disclose it except to the following persons:

  a. Attorneys for Named Parties;

  b. Persons employed by the Named Parties or working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

  c. Independent experts or consultants retained by a Party or an attorney for purposes of this litigation, as well as any employees, associates or independent contractors retained by those attorneys, experts, or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

  d. Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

  e. The Court and Court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators or any judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any Stipulated Protective Order the Court subsequently enters to further preserve the confidentiality of documents used at trial or other preceding in this litigation.

5. Prior to dissemination of documents or information designated "Confidential," or the contents thereof, to a person described in paragraphs 4(a)-(e), that person shall be advised by counsel making such dissemination of the terms of this Stipulated Protective Order.

6. Any Party who seeks to make any document or information designated "Confidential" a part of the record shall file a motion with the Court seeking a Stipulated Protective Order permitting the document to be filed under seal. If the Court should deny any such motion, the parties shall use their good-faith efforts to protect the "Confidential" information pursuant to this Stipulated Protective Order.

7. A Party seeking to seal documents shall be required to exercise good faith and best efforts in preparing a memorandum of points and authorities that presents articulated facts identifying compelling reasons for non-disclosure. Any application to seal documents shall be served on opposing counsel together with the documents proposed to be filed under seal. Such service on opposing counsel shall be made timely so as to allow opposing counsel ample time to respond without causing a delay in the preceding.

8. This Stipulated Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court, and shall survive the termination of this action.

9. Nothing herein shall impose any confidentiality obligation upon information which was already in the public domain.

10. Each party receiving material which has been designated as "Confidential" shall destroy or return all such materials upon the conclusion of this action and any appeals arising therefrom. Notwithstanding anything in this Stipulated Protective Order to the contrary, counsel for the respective Parties may retain one copy of the materials designated "Confidential" in his or her stored filed for archival purposes for one year, but may not use or disseminate such materials except as ordered by a court.

11. Within thirty (30) days after the conclusion of this action, including any appeals taken from a final judgment entered herein, all documents designated "Confidential" and copies thereof shall be returned to the Producing Party, other than that which is contained in pleadings, correspondence, and deposition transcripts. Counsel for the Parties shall either return to that Party or destroy any and all notes, extracts, summaries, and other materials that contain information derived from documents designated confidential within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

12. With respect to all documents produced in connection with this litigation, whether or not any or all of the same is designated by a Producing Party as containing or disclosing confidential information of that Party, all Parties agree that all such documents produced by a

Producing Party will be used exclusively for the purpose of prosecuting or defending the instant litigation between the Parties hereto and will not be used for any other purpose whatsoever.

13. All objections as to admissibility into evidence of the documents or information designated "Confidential" and subject to this Stipulated Protective Order are reserved until hearing in this case, or in any case, mediation, or arbitration arising out of, or related to, this case.

14. The parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all parties had executed the same original.

Dated this 22nd day of July, 2015.　　　　Dated this 22nd day of July, 2015.

THE LAW OFFICE OF HAYES & WELSH　　　MARQUIS AURBACH COFFING

By: /s/ Larson A. Welsh, Esq.
　　Larson A. Welsh, Esq.
　　Nevada Bar No. 12517
　　199 North Arroyo Grande Blvd., Suite 200
　　Henderson, Nevada 89074
　　Attorneys for Plaintiffs

By: /s/ Jared M. Moser, Esq.
　　Terry A. Coffing, Esq.
　　Nevada Bar No. 4949
　　Jared M. Moser, Esq.
　　Nevada Bar No. 13003
　　10001 Park Run Drive
　　Las Vegas, Nevada 89145
　　Attorneys for Defendants

## ORDER

IT IS SO ORDERED this 23rd day of July, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge