# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LISA M. FLYNN, et al., | Case No. 2:15-CV-71 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| MURRAY CRAIG, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Flynn et al. v. Craig et al.*, case number 2:15-cv-00071-JCM-EJY.

Defendants Murray Craig ("Craig") and Firestorm Emergency Services, Ltd. ("Firestorm") were previously represented by Marquis Aurbach Coffing. Marquis Aurbach Coffing moved to withdraw on November 15, 2017, which the court allowed on November 30, 2017. (ECF Nos. 95; 97). Firestorm was ordered to advise the court if it intended to retain counsel, and Firestorm indicated that it would. (ECF Nos. 97; 99).

On October 2, 2019, after Firestorm's continued failure to retain counsel or otherwise appear in this action, the court ordered it to retain counsel and file a status report requesting a dispositive motion deadline. (ECF No. 111). Firestorm did not counsel and did not file a status report.

On November 11, 2019, the court ordered Firestorm to show cause why it failed to comply with the court's prior order. (ECF No. 113). Rather than retain counsel, as the court ordered, Firestorm filed a stipulation for entry of consent judgment in the amount of $2,000,000. (ECF No. 115). Firestorm signed the stipulation "through its authorized representative Murray Craig, acting solely in his capacity as authorized representative of Firestorm . . . ." *Id.* at 1.

**James C. Mahan**
**U.S. District Judge**

A corporation cannot appear pro se. *Goulatte v. County of Riverside*, 587 Fed. Appx. 374, 376 (9th Cir. 2014); *Attorneys Trust v. Videotape Computer Prods.*, 93 F.3d 593, 599 (9th Cir. 1996). As a result, a corporation cannot stipulate to a consent judgment while it appears pro se. *See, e.g., Glock, Inc. v. Maxsell Corp.*, 2013 U.S. Dist. LEXIS 193472, *16-17 (N.D. Ga. Apr. 18, 2013) (collecting cases); *New York State Teamsters Conference Pension & Ret. Fund v. Comac Builders Supply Corp.*, No. 506-CV-208 FJS/GHL, 2008 WL 150515, at *4 (N.D.N.Y. Jan. 14, 2008) (rejecting a proposed consent judgment and ordering corporate defendant to retain counsel); *Grace v. Rosenstock*, No. 85-CV-2039 (DGT), 2004 U.S. Dist. LEXIS 29654, 2004 WL 5840881, at *6 (E.D.N.Y. Sept. 30, 2004) ("A corporation cannot execute a stipulation of settlement while appearing *pro se* in federal court, and a stipulation executed without an attorney is a nullity."), *aff'd*, 443 F.3d 180 (2d Cir. 2006) (citation omitted).

Thus, the court finds that Firestorm has acted in deliberate disregard for this court's order. As the court admonished Firestorm, case-dispositive sanctions are appropriate. Accordingly, the court will enter default judgment against Firestorm for its failure to comply with court orders in this case.

Plaintiffs request $2,000,000 in their complaint. *See* (ECF No. 1). Default judgment will be entered in the amount of $2,000,000. Consistent with the parties' promissory note, the court orders that post-judgment interest shall accrue at the rate of 10% per annum from the date of entry of the default judgment until the judgment is satisfied in full. The parties shall each bear their own costs and attorneys' fees, if any, incurred in this action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties' stipulation for entry of consent judgment (ECF No. 115) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Firestorm is hereby SANCTIONED for failing to comply with this court's prior orders instructing it to retain counsel.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The clerk is instructed to enter default judgment against Firestorm, consistent with the foregoing, and close the case accordingly.

DATED December 9, 2019.

_____
UNITED STATES DISTRICT JUDGE